UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60043-DMM

CATHYA GUZMAN
AND OTHER SIMILARLY
SITUATED INDIVIDUALS,

    Plaintiff(s),

v.

DILLARD'S, INC.
D/B/A DILLARD'S,

    Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION

Defendant Dillard's, Inc., ("Dillard's" or "Defendant"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 (the "FAA"), hereby moves this Court to compel arbitration and to stay this action pending the completion of arbitration.

In support of this Motion, the Defendant states as follows:

### I.     NATURE OF CLAIMS AND PROCEDURAL BACKGROUND

Plaintiff Cathya Guzman was formerly employed by Defendant. On January 7, 2025, Plaintiff filed this lawsuit against Dillard's asserting claims for failure to pay minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA Claims").

Counsel for Plaintiff and defense counsel have now conferred in good faith and are in agreement that this action is subject to the binding arbitration agreement between the Parties, and that all claims should be submitted to arbitration in accordance with the terms of the arbitration

agreement.  The Parties have further agreed that this action should be stayed while the Parties pursue their rights and remedies in arbitration.

## II.     THE AGREEMENT TO ARBITRATE

Dillard's adopted Agreement to Arbitrate Legal Claims [hereinafter, the "Arbitration Agreement"] under which employees and Dillard's each waive the right to pursue employment-related claims in court, agreeing instead to submit such disputes to binding arbitration.  A copy of Dillard's Rules of Arbitration is attached as **Exhibit A**.  Upon the commencement of her employment with Dillard's, Plaintiff received a copy of the Arbitration Agreement.  On or about February 20, 2024, Plaintiff electronically signed acknowledgment of receipt of the Arbitration Agreement and agreed to be bound by it.  *Id.* at 20.  One day prior, on February 19, 2024, Plaintiff also acknowledged the agreement to arbitrate with her wet signature.  *See* Agreement to Arbitrate Legal Claims attached hereto as **Exhibit B**.  The Parties agree that Plaintiff is subject to the Arbitration Agreement.

The Arbitration Agreement specifically covers claims for "violations of . . . federal . . . statute . . . relating to workplace health and safety, voting, state service letters, *minimum wage and overtime*, pay days, holiday pay, vacation pay, severance/separation pay, payment at termination."  *See* Dillard's Rules of Arbitration at 2 (emphasis added).  Here, Plaintiff alleges that Dillard's violated FLSA, a federal statute, by failing to pay minimum and overtime wages.  As such, the Parties agree that Plaintiff's claims are covered claim under the Arbitration Agreement.

## III.     ARGUMENT

Both federal and Florida law require the Court to compel arbitration of this dispute.  The Federal Arbitration Act ("FAA") unequivocally states:

2

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA establishes a strong federal policy, even a presumption, in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 24-25 (1983). Accordingly, when interpreting arbitration agreements, the Court should interpret the parties' intent, construing the terms broadly and resolving all doubts in favor of arbitration. *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982).

"When deciding whether the parties agreed to arbitrate a certain matter . . ., courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *American Express Financial Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)), *cert. denied*, 523 U.S. 1022 (1998). Florida law strongly favors the resolution of conflicts through any extrajudicial means, especially arbitration, for which the parties themselves have contracted. *See Roe v. Amica Mutual Insurance Co.*, 533 So. 2d 279 (Fla. 1998); *Florida Select Insurance Co. v. Keelean*, 727 So. 2d 1131 (Fla. 2d DCA 1999). In fact, if an enforceable arbitration agreement exists, the parties are required to resolve the arbitrable claims in an arbitration proceeding—the court has no discretion in that situation. *See id.* at 1132; *KFC Nat'l Mgt. Co. v. Beauregard*, 739 So. 2d 630, 631 (Fla. 5th DCA 1999). It is "an axiom of federal and Florida law that written agreements to arbitrate are binding and enforceable. A court must compel arbitration if an arbitrable issue exists." *Id.*; *Gale Group, Inc. v. Westinghouse Elec. Corp.*, 683 So. 2d 661 (Fla. 5th DCA 1996).

### IV. CERTIFICATE OF COMPLIANCE WITH S.D. Fla. L.R. 7.1(a)(3)

Defense counsel has engaged in good-faith conferences with Plaintiff's counsel, Zandro E. Palma, Esquire, in an effort to resolve by agreement the issues raised in this motion, and those efforts have been successful. Specifically, defense counsel exchanged emails with Mr. Palma discussing arbitrability and providing the supporting documents establishing the existence of the arbitration policy/agreement. *Mr. Palma has agreed to the relief requested in this motion, that the case be sent to arbitration.*

### V. CONCLUSION

For the foregoing reasons, the Defendant requests that the Court enter an order compelling arbitration and staying this action pending the completion of arbitration proceedings.

Dated: February 14, 2025.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard, Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*s/ Gregory R. Hawran*
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Gregory R. Hawran*
Gregory R. Hawran

## SERVICE LIST
*Cathya Guzman v. Dillard's, Inc.*
United States District Court for the Southern District of Florida
CASE NO. 25-cv-60043-DMM

Zandro E. Palma
zep@thepalmalawgroup.com
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Telephone: 305.446.1500

*Counsel for Plaintiff*

Method of Service: CM/ECF

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*

87755242.v1-OGLETREE